Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1689 | **DATE** | 6/21/2004 |
| **CASE TITLE** | Burzynska vs. Will County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND OPINION. Will County's motion to dismiss is granted and Burzynska's complaint is dismissed in its entirety.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 23 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET LIDIA BURZYNSKA, )
)
    Plaintiff, )
)
v. ) 03 C 1689
) Judge George M. Marovich
WILL COUNTY, WILL COUNTY )
SHERIFF'S DEPARTMENT, )
BRENDAN D. WARD as then Sheriff, )
and DEFENDANTS DOE 1 through )
DOE 7, )
)
    Defendants. )

DOCKETED
JUN 23 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Margaret Lidia Burzynska ("Burzynska") filed a one-count Complaint against Will County, Will County Sheriff's Department, Sheriff Brendan D. Ward, and Defendants Doe 1 through Doe 7, alleging Defendants subjected Burzynska, or caused her to be subjected, to a deprivation of her rights, privileges or immunities guaranteed by the Constitution and federal laws under 42 U.S.C. § 1983 ("§ 1983") and Illinois state law 725 Ill. Comp. Stat. 5/103-2(c) ("103-2(c)"). Will County moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5), and (6). For the reasons set forth below, the Will County's Motion to Dismiss is granted.

### BACKGROUND

The Complaint alleges the following relevant facts which, for the purposes of deciding this motion, are taken as true. Hishon v. King & Spaulding, 467 U.S. 63, 73 (1984). On March 10, 2001, the family of Burzynska, a prisoner in the county jail in

Joliet, Will County, Illinois, appeared before the Honorable Judge Kinney alleging that Defendants were failing to administer Burzynska's medication while she was imprisoned in the county jail. Burzynska's family stated that they informed Defendants on March 9, 2001 and on March 10, 2001, that Burzynska had a history of cerebral vascular accidents and strokes. Burzynska's family requested and was granted the immediate release of Burzynska. Judge Kinney placed a call to order the immediate release of the patient during the morning of March 10, 2001. Burzynska was not released and at 2 pm she allegedly suffered a major health incident. No further details have been included as to the nature and extent of the injury.

Burzynska alleges that the individual Defendants, through the scope of their employment, subjected, or caused to be subjected, her to a deprivation of her rights, privileges or immunities secured by the Constitution and federal laws under § 1983 and 103-2(c). Will County moves to dismiss Burzynska's Complaint arguing that she has no claim under the theory of respondeat superior. Burzynska argues that Will County misstated the basis of her claim. She states that any references made to the agents or employees of the county in the Complaint were used to notify Will County that the claim is based on the concept of custom and usage rather than respondeat superior. Will County argues that Burzynska's Complaint is insufficient since it contains nothing to lead Will County to the conclusion that custom and usage is the basis of the Complaint.

## DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the

complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. Section 1983 Claim

Will County contends that Burzynska's § 1983 claim is based on respondeat superior, which provides no remedy at law. A local government is liable under § 1983 only where the execution of an official government policy or custom caused the alleged constitutional injury. Monell v. Department of Social Services of New York, 436 U.S. 658, 638 (1978). A municipality cannot be held liable solely because it employs a tortfeasor. Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1996). Therefore, a municipality cannot be held liable under § 1983 based upon the respondeat superior theory. Monell, 436 U.S. at 691. A municipality can be held liable under § 1983 only if: (1) an express policy, that when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority'." Baskin v. City of Des Plaines, 138 F.3d 701, 704-705 (7th Cir. 1998).

Applying this rule to the case at bar, Burzynska has no claim against Will County, a municipality, under the theory of respondent superior for the alleged torts committed by

Will County's employees during the scope of employment. Burzynska merely alleges that the acts of the employees that caused the denial of medication to Burzynska were executed "during the scope and course of their employment." Complaint at ¶ 6. Burzynska has not identified an express policy, widespread practice, or decision by a final making authority which caused the employees to deny the prisoner medical attention. Burzynska's claim is apparently based only on the fact that the municipality employed a tortfeasor and therefore she fails to state a cause of action.

Burzynska contends that Will County misstated the allegations of the Complaint and asserts that the basis of the Complaint is founded on custom and practice. Will County contends that Burzynska has failed to state a sufficient custom and practice cause of action pursuant to Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a complaint to direct the defendant to the factual cause of the plaintiff's alleged injury. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). In pleading § 1983 municipal liability claims, plaintiffs need not allege all, or any, of the facts logically entailed by the claim. Id. A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. Id. However, allegations of a municipal policy, which are totally lacking in any factual support that a municipal policy does exist are insufficient. Id.

In the case at bar, Burzynska's Complaint does not satisfy the requirements of a notice pleading. The Complaint does not direct Will County as to the nature of the claim or to the grounds upon which it rests. Not only is the Complaint lacking any factual basis to support any claims on custom or practice, it contains no allegations that a municipal policy exists. Therefore, it does not sufficiently notify Will County that the alleged

violation of § 1983 is based on the municipality's custom or practices. Although a municipality can potentially be sued by administering a policy, practice, or custom, Burzynska's claims clearly do not meet the minimum requirements of notice pursuant to Fed. R. Civ. P. 12(b)(6).

The remaining Defendants, Will County Sheriff's Department, Brendan D. Ward as then Sheriff, and Defendants Doe 1 through Doe 7, have not been served. Service was required to be completed by October 12, 2003, 120 days after the Complaint was filed. Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990). Therefore, claims against these defendants are also dismissed.

## CONCLUSION

For the reasons set forth above, Will County's Motion to Dismiss is granted and Burzynska's Complaint is dismissed in its entirety.

ENTER:

George M. Marovich
United States District Judge

DATED: 6/21/04